**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NICHOLE SLINEY REALTY TEAM, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MOUNT VERNON FIRE INSURANCE COMPANY,**<br><br>**Defendant.** | **Civil Action No.**<br>**25-11145-FDS** |

**ORDER ON DEFENDANT'S DUTY TO INDEMNIFY**

**SAYLOR, J.**

Defendant Mount Vernon Fire Insurance Company issued a professional liability insurance policy to plaintiff Nichole Sliney Realty Team, Inc. ("NSRT"). NSRT is a real-estate agency. It has been sued for copyright infringement based on the use of an architect's drawing in marketing materials. Defendant had declined to defend or indemnify it in that action based on a purported exclusion in the policy.

On July 9, 2025, plaintiff moved for partial judgment on the pleadings, contending that defendant owed plaintiff a duty to defend it in the underlying lawsuit. ECF No. 10. In that motion, plaintiff noted that determination of defendant's duty to indemnify had to await further proceedings, as it could "arise only if NSRT's liability in the underlying lawsuit [was] established." *Id.* at 2 n.1. This Court granted that motion. ECF No. 25.

Plaintiff now requests an order that defendant indemnify it for the amount of the judgment entered against it in the underlying action. ECF No. 35. Plaintiff contends that such an order is consistent with this Court's judgment, as the Court noted "defendant has a duty to defend, and to indemnify, plaintiff in the underlying matter, notwithstanding the provisions of

Exclusion A.8(d)." ECF No. 25, at 9. Defendant opposes such a request, contending that the issue of indemnity was not ripe at the time this Court issued the order.

Defendant is correct. The duty to indemnify "arises only after the insured's liability has been established." *AIG Prop. Cas. Co. v. Green*, 217 F. Supp. 3d 415, 429 (D. Mass. 2016) (citation omitted). Therefore, at the time this Court issued the order, it could properly consider only the issue of the duty to defend, not the duty to indemnify, and to the extent the order stated otherwise, it was erroneous.

Of course, the duty to indemnify arises out of the same policy as the duty to defend, and it is possible that further briefing may be superfluous. But to the extent that there may be additional issues that parties wish to raise, the Court will allow the parties to submit supplemental memoranda as to the duty to indemnify.

Accordingly, for the foregoing reasons,

1. The Court orders the following briefing schedule as to the duty to indemnify: (a) motions for summary judgment or other dispositive motions as to that issue shall be filed by December 21, 2026; (b) oppositions shall be filed by January 25, 2027; (c) replies shall be filed by February 1, 2027.

2. The Court will file an (1) amended and corrected Memorandum and Order on Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment, and an (2) amended and corrected Memorandum and Order on Plaintiff's Motion for Attorney's Fees and Expenses and for Leave to File and Amended Complaint that clarifies, among other things, that plaintiff's motion for partial judgment on the pleadings was granted only as to defendant's duty to defend, and not as to the duty to indemnify.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 19, 2026